## No. 10,033.

THE STATE EX REL. POLICE JURY, PARISH OF PLAQUEMINES VS. A. E. LIVAUDAIS, JUDGE, ET AL.

A District Court is incompetent to enforce the execution of a judgment rendered by a Justice of the Peace, the more so where the existence and validity thereof are put at issue.

Objections to the jurisdiction of that court, in such a case, ought not to have been overruled.

A prohibition lies to such court to prevent the execution of the judgment rendered by it to enforce the judgment thus assailed.

APPLICATION for Prohibition and Certiorari.

*James Wilkinson*, District Attorney, for the Relator:

Justices of the Peace have a right to grant new trials within three days after service on defendant of a valid notice of judgment, where the judgment was rendered out of his presence. Art. 1152, Code of Practice; "Louisiana Magistrate," p. 53; Knobloch's Civil and Crim. Justice, p. 74; Act 45, 1880, sec. 7; Rule XI, City Courts, New Orleans; State ex rel. Broussard vs. Koenig, 39 Ann. C. P., 1085, 1131.

An attorney-at-law requires a special power to accept service of notice of judgment; 32 Ann. 803, and other authorities there cited.

An agreement to accept service of notice of judgment presupposes a valid notice of judgment shall be served, La. Magistrate, p. 39.

No valid notice was served in this cause.

The motion for a new trial was in time, irrespective of the time when the judgment was signed; 5 N. S. 224; 4 Ann. 561; 6 Ann 251; 20 Ann. 168; 23 Ann., 110.

Where a court has jurisdiction of the subject matter and the parties are before it, its orders and decrees, though perhaps voidable, are not void; Holdane vs. Sumner, 15 Wallace, 601; Bayhi vs. Bayhi, 35 Ann. 529.

The District Court has no supervisory power over Justice of the Peace Courts; State vs. Judge Nineteenth Judicial District; 39 Ann. and cases there cited; Arts. 617, 618 and 629 of the Code of Practice.

In mandamus proceedings the officer whose duty it is to perform the act must be cited; Dillon on Mun. Corporation "Mandamus; C. P. Art. 834; 29 Ann. 262; C. P. Art. 844.

The President of the Police Jury has no greater power than any other member to provide for the payment of a judgment; 38 Ann. 630.

The facts at bar entitle us to the writs of prohibition and *certiorari*.

State ex rel. Police Jury vs. Judge et al.

*P. Leonard* and *Sambola* and *Ducros :*

### MALITIIS NON EST INDULGENDUM.

1. The writ of *certiorari* is allowable only in case of a relator complaining of the want either of citation or of the jurisdiction of an inferior judge, or of proceedings absolutely void or not cured by the action of the party complaining ; C. P. 845, 846, 855, 856, 857, 864, 865.

2. Country district courts have jurisdiction of all cases involving more than $50 in value or amount, as well as of cases brought by mandamus to enforce the payment of a judgment rendered by a justice's court against a parish or police jury. Const. 1879, Art. 109 ; C. P. 81, 829,'836, 844 ; 1 R. 496 ; 13 Ann. 291 ; 4 Ann. 84; 30 Ann. 65 ; 1 Ann. 438; Boone, § 313, 168 . 2 Dillon, § 850 ; High, § 365.

3. In a suit brought against a parish or police jury *eo nomine*, citation issued and served on the president of the police jury legally brings the police jury into court, without citing the individual members thereof ; C. P. 112, 119, 198, 206, 829, 844 ; 35 Ann. 70; High, §§ 337, 442, 443, 444 ; 2 Dillon, § 700, etc.; Boone, §§ 75, 160 ; 21 Ann. 439 ; 23 Ann. 803 ; 27 Ann. 542,

4. An exception of any kind. other than one founded on the absolute incompetency of the court *ratione materiæ*, is legally waived by an answer to the merits, without a previous decision of the exception. C. P. 94, 353, 384, 335, 344 ; 23 Ann. 255 ; 26 Ann. 312; 18 Ann. 66 ; 14 Ann. 798; 4 L. 482 ; 12 Ann. 198 ; 10 Ann. 20; 17 L. 499 ; 4 Ann. 350 : 1 N. S. 201, 704 ; 11 R. 80, 430 ; 2 L. 226 ; 18 Ann. 340 ; 2 L. 226 ; 30 Ann. 705.

5. On a writ of *certiorari* the court is not permitted by law to pass upon the intrinsic correctness of the judgment or proceeding complained of. 33 Ann. 16 ; 32 Ann. 1223 ; 38 Ann. 378, 922 ; 39 Ann. 621.

6. An attorney of record may legally accept service of a notice of a judgment, or agree on behalf of his client to a certain mode of taking or trying suspensively an appeal, and by so doing he waives none of his client's rights. 1 Ann. 398 ; 32 Ann. 803 ; 12 L. 603 ; C. P. 197, 206, 1090, 1129, 1131, 1133, 1139 ; 2 Ann. 917 ; 3 Ann. 543.

7. A country justice of the peace in this State is without jurisdictional power to grant a new trial by reason of an error of fact or of law committed in his former final judgment. Rev. Stat., §§ 2047, 2052 ; C. P. 124, 557 to 563, 912, 913, 914, 1043, 1074, 1090, 1129, 1131, 1132 ; 16 Merlin Rep., verbo judgment, § 3, No. 4 ; 29 Merlin, verbis requête civile, § 3, No. 11 ; verbis rèvision de procès, § 1, Nos. 1, 2, 5, 7 ; Carré, No. 604 and notes ; 4 Favard, Rep., verbis rèvision de procès, Nos. 1, 2 ; Curia philipica, part 1, § 18, Nos. 17 and 18 ; part 5, § 4, No, 1 ; 7 Febrero, p. 184, appendix, chap. 2, § 1 ; 1 Solon, §§ 165, 168, 170, 2 L. 139 ; 2 Ann. 493 ; 2 R. 512.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *prohibition and certiorari*. The complaint is : That the district judge has undertaken, over the objection made to his jurisdiction, to issue a *mandamus* to the police jury to compel them to make provision for the payment of a judgment for $75, rendered by the third justice of the peace in the parish.

The grounds of the complaint are : *That* the district court is incompetent to enforce a judgment of a justice of the peace, and *that*, in the case in which the judgment was rendered, the justice of the peace had granted a new trial, thus leaving matters as though no judgment had been rendered.

The objection to the jurisdiction of the district court in the premises was overruled and the court rendered judgment simultaneously on the merits.

The district judge returns, maintaining his jurisdiction in the premises.

It is unnecessary to inquire whether the judgmont alleged to have been rendered by the justice and sought to be enforced before the district court is or not in existence and valid.

It suffices to say, even if it be a valid judgment, that it does not appertain to the district court to see to its execution.

The Code of Practice, Article 629, provides: "It is for the Court, whether appellate or inferior, which has rendered the judgment, to take cognizance of the manner of its execution, when the proper manner of executing it is to be determined."

An anterior article, 617, declares that the execution of judgments belongs to the courts by which the causes have been tried, and the jurisprudence on the subject is that it belongs to the court which has rendered the judgment to regulate the mode of its execution, and that the Supreme Court will not interfere except in clear cases of injustice or oppression. Compton vs. Aireal, 9 Ann. 496; Donnell vs. Parrott, 13 Ann. 253; 7 N. S. 658; 8 M. 63.

It appears from the pleadings here that the existence and validity of the judgment sought to be enforced are denied. This is an issue which the district court was incompetent to determine, and which belongs exclusively to the justice's court, by which it is claimed to have been rendered.

It is clear that the objection to the jurisdiction of the district court ought not to have been overruled, and that the district court cannot proceed to execute the judgment rendered, making the *mandamus* peremptory on the police jury.

It is therefore ordered and decreed that the judgment rendered by the district court be declared invalid and that the prohibition asked be made peremptory.